UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CAROLYN BYRD,<br>    Plaintiff, | Case No. 1:13-cv-579 |
| vs | Beckwith, J.<br>Bowman, M.J. |
| ARICA LYNN UNDERWOOD,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, who resides in Cincinnati, Ohio, commenced this action by filing a motion for leave to proceed *in forma pauperis* in connection with a *pro se* civil complaint. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the pleading, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise

to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

2

Nor does a complaint suffice if *it* tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against Arica Lynn Underwood, an attorney at the Public Defender's Office in Cincinnati, Ohio. (Doc. 1, Complaint, p. 2). Plaintiff alleges that she hired Underwood on June 29, 2007, but that Underwood breached a contract for legal services "by not communicating court dates" and missing deadlines. (*Id.*, p. 3). Plaintiff also alleges that part of the court case was dismissed due to Underwood's negligence and that Underwood failed to communicate that the case had been partially dismissed. (*Id.*). In addition, plaintiff claims that Underwood committed "fraud" by submitting an affidavit in plaintiff's name, falsely claiming that plaintiff was indigent so that Underwood could "utilize money paid to her for her own personal use." (*Id.*). Plaintiff further asserts that Underwood "failed to maintain separate account for business purposes" and, with the assistance of Karen Osmond of the Ohio Supreme Court, tried to "bribe [plaintiff] to drop complaint during ongoing investigation." (*Id.*). Plaintiff claims that Underwood is liable for "fraud, identity theft, obstruction of justice, breach of contract, conspiracy, [and] theft." (*Id.*, p. 4). As relief, plaintiff seeks a total of $3,000,000 in compensatory and punitive damages. (*Id.*).

The complaint does not set forth many facts underlying plaintiff's cause of action against Underwood. However, this Court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969); *Saint Torrance v. Firstar,* 529 F.Supp.2d 836, 838 n.1 (S.D. Ohio 2007). It appears from the on-line docket records maintained by the Clerk of the Ohio Supreme Court that a disciplinary case was filed against Underwood on October 9, 2012 in Case No. 12-1709 by Karen Osmond, as the counsel of record for the

"Disciplinary Counsel (Relator)."[1] The parties' "Agreement for Consent to Discipline" pleading, which was filed with the Ohio Supreme Court to open the case, contains stipulated facts revealing that the disciplinary matter arose from Underwood's representation of plaintiff in an employment discrimination matter against Time Warner Cable. Underwood filed the action on plaintiff's behalf on December 7, 2007 in the Hamilton County Court of Common Pleas. The case was assigned to the docket of Judge Ethna Cooper and was assigned the case number A-0711195. Plaintiff, who was responsible for all expenses incurred in the prosecution of the case under the "fee agreement" with Underwood, provided "a total of at least $1,100 to cover the costs of litigation" between June 2007 and June 2008. However, Underwood apparently did not deposit any of plaintiff's funds into a client trust account.

The "attorney/client relationship" deteriorated, and on June 16 and August 8, 2008, Underwood filed motions to withdraw as plaintiff's counsel. After a hearing held on August 20, 2008, the court allowed Underwood to withdraw as counsel and also ordered Underwood to refund money owed to plaintiff, which at that time amounted to $800, within thirty days. Underwood did not refund the money within the requisite 30-day period and still owed plaintiff $700 by the time plaintiff filed on September 3, 2009 both a motion for contempt against Underwood in the employment discrimination case and a legal malpractice action against Underwood in the Hamilton County Court of Common Pleas. The legal malpractice case was assigned to the docket of Judge Robert Ruehlman and was assigned the case number A-0908466. On October 8, 2009, Judge Cooper found Underwood in contempt for failure to comply with the August 20, 2008 order in the employment discrimination case and ordered Underwood to pay plaintiff $750 plus interest from September 20, 2008. In the first hearing held on January 13,

---

[1] The docket report can be found at the following link: http://www.supremecourt.ohio.gov/Clerk/ecms/resultsbycasenumber.asp?type=3&year=2012&number=1709&myPage=searchbycasenumber%2Easphttp.

4

2010 in the legal malpractice case, Judge Ruehlman stated that he would not issue any ruling until Underwood "cured herself of the contempt" in the employment discrimination case and paid plaintiff "$750 plus interest." It appears that Underwood paid $750 to plaintiff on March 3, 2010, but still owed plaintiff interest. At a hearing held on August 24, 2010 in the legal malpractice case, Judge Ruehlman calculated the amount of interest owed to plaintiff and ordered Underwood to pay plaintiff $113 in interest plus $225 in court costs for a total additional payment of $338. On November 1, 2010, over one year after she was first ordered to pay interest to plaintiff in the employment discrimination case, Underwood paid plaintiff $338 for interest and court costs, and Judge Ruehlman dismissed plaintiff's legal malpractice action against Underwood.

Thereafter, in August 2011, plaintiff filed a grievance against Underwood with disciplinary counsel. In response to inquiries by disciplinary counsel regarding plaintiff's grievance, Underwood sent plaintiff a money order for an additional $205 in interest. In the "Agreement for Consent to Discipline" filed on October 9, 2012 with the Ohio Supreme Court in Case No. 12-1709, Underwood stipulated that she had violated disciplinary rules requiring lawyers to keep trust account records and to deposit fees and expenses that have been paid in advance into a client trust account. The relator and Underwood also agreed that the recommended sanction should be "a one-year, fully stayed, suspension." The Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio concurred in the agreed sanction. On July 18, 2013, the Ohio Supreme Court issued an order suspending Underwood "from the practice of law for a period of one year with the entire suspension stayed on the conditions that [she] (1) engage in no further misconduct, and (2) complete, in addition to general requirements . . ., at least six hours of continuing legal education in law-office management within six months of this order."

5

Plaintiff initiated the instant action a month after the Ohio Supreme Court issued its disciplinary ruling in Case No. 12-1709.  Upon review of the instant complaint in conjunction with the record of the disciplinary proceedings, the undersigned concludes that plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this Court has subject matter jurisdiction.

Plaintiff has cited 28 U.S.C. § 1343(3) as the basis for this Court's subject matter jurisdiction.[2]  She essentially claims that jurisdiction lies because she is bringing a civil rights lawsuit under 42 U.S.C. § 1983 against Underwood.  (*See* Doc. 1, Complaint, p. 2).  To state an actionable claim under 42 U.S.C. § 1983, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *See Hines v. Langhenry*, 462 F. A'ppx  500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).

Here, the defendant is an attorney, who was not a "state actor" within the meaning of § 1983 to the extent that plaintiff claims Underwood is liable for misconduct that took place when she served as plaintiff's counsel in the employment discrimination case before Hamilton County Common Pleas Court Judge Ethna Cooper.  "Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."  *Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).  Moreover, to the extent

---

[2] Although plaintiff has not sought to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), it is noted that the complaint reveals that diversity jurisdiction is lacking.  In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992).  In this case, the plaintiff and defendant are both domiciled in Ohio.  Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

that Underwood may have been an employee of the Cincinnati Public Defender's Office when she represented plaintiff, it is well-settled under the Supreme Court's decision in *Dodson* that "when performing a lawyer's traditional functions as counsel" to a client, a public defender is not a state actor within the meaning of § 1983. *See Dodson*, 454 U.S. at 321-25 (1981); *see also Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611-12 (6th Cir. 2007) (pointing out that in *Dodson*, the Supreme Court held that "our adversarial system of justice and a lawyer's ethical duties to a client compel the conclusion that a public defender is not an instrument of the state, but an independent agent of the client's interests"); *Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding."); *Steele v. Hall*, No. 1:13cv1598, 2013 WL 4012769, at *2 (N.D. Ohio Aug. 6, 2013) ("it is firmly established that a public defender or a court-appointed counsel, while acting in that capacity, is not a state actor for purposes of § 1983").

In *Dodson*, 454 U.S. at 324-25, the Supreme Court pointed out that a public defender acts under color of state law "when making hiring and firing decisions on behalf of the State" and that "[i]t may be . . . that a public defender also would act under color of state law while performing certain administrative and possibly investigative functions." However, in the instant complaint, plaintiff alleges that Underwood is liable for the following misconduct: failing to communicate court dates and missing deadlines; failing to communicate that the court case had been partially dismissed; submitting a false affidavit of indigence in plaintiff's name in the court proceeding; and failing to maintain a separate client trust fund account for plaintiff. (*See* Doc. 1, Complaint, p. 3). The allegations concern traditional functions and duties that Underwood owed her client while serving as plaintiff's counsel in the employment discrimination case, rather than

any actions taken by Underwood while performing administrative or investigative functions. Plaintiff, therefore, is unable to prevail on any argument that she has stated an actionable claim for relief under 42 U.S.C. § 1983 against Underwood based on those allegations. *Cf. Anderson v. Cnty. of Hamilton*, 780 F. Supp.2d 635, 643, 650 (S.D. Ohio 2011) (Barrett, J.; Hogan, M.J.).

In any event, plaintiff has failed to state a claim upon which relief may be granted because the claims stemming from Underwood's alleged misconduct in the employment discrimination case are time-barred. Plaintiff's complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace,* 547 U.S. at 388 (emphasis in original).  Under federal law, a cause of action accrues for statute of limitations purposes "when plaintiff[] knew or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).  The "inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)).  The statute of limitations commences to run when the plaintiff knows or, in the exercise of due diligence, has reason to know of the injury which is the basis for his cause of action.  *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984); *see also Ruff*, 258 F.3d at 501.

Here, it is clear that plaintiff knew or should have known of injuries resulting from misconduct that allegedly occurred when Underwood served as plaintiff's counsel in the employment discrimination case well before September 3, 2009, over a year after Underwood's withdrawal from the case, when plaintiff filed both a motion for contempt against Underwood in the case before Judge Cooper and a separate legal malpractice action against Underwood in the Hamilton County Court of Common Pleas.  The instant complaint, signed by plaintiff on August 23, 2013, was filed nearly four years thereafter.  (*See* Doc. 1, Complaint, p. 4).  It thus appears clear on initial screening of the complaint that any cause of action against the defendant based on misconduct that allegedly occurred when she served as plaintiff's counsel in the employment discrimination case is time-barred.

The complaint does contain one further allegation to the effect that the defendant obstructed justice by conspiring with "Karen Osmond of the Ohio Supreme Court . . . to bribe [plaintiff] to drop complaint during ongoing investigation." (Doc. 1, Complaint, p. 3).  The allegation is vague, but apparently pertains to the disciplinary proceeding in which Osmond

9

served as counsel for the relator. To state a claim for conspiracy to violate a right protected by § 1983, the plaintiff must allege facts showing a single plan existed, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the plaintiff. *Anderson*, 780 F. Supp.2d at 643-44, 652. Conspiracy claims must be pled with some degree of specificity, and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). In addition, plaintiff must allege facts showing that the conspiracy resulted in an actual deprivation of the plaintiff's constitutional rights. *See Anderson*, 780 F. Supp.2d at 652 (citing *Stone v. Holzberger*, 807 F.Supp. 1325, 1340 (S.D. Ohio 1992) (Spiegel, J.)). Here, plaintiff's allegation is simply too vague and conclusory to state a viable § 1983 claim. In any event, even assuming the conspiracy allegation meets the specificity standard, plaintiff has not alleged any facts showing that the conspiracy caused any injury to him. Indeed, upon review of the docket record of the disciplinary proceeding, it appears that there was no obstruction of justice because plaintiff's grievance was not dropped and resulted in the issuance of a disciplinary sanction by the Ohio Supreme Court against the defendant.

Finally, because plaintiff has failed to state a viable federal claim for relief, pendent jurisdiction under 28 U.S.C. § 1367 should not be exercised to consider any state-law claims that are alleged in the complaint. *See United States Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)) ("If the federal claims are all dismissed before trial, the state claims generally should be dismissed as well.").

Accordingly, in sum, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under

Fed. R. Civ. P. 12(h)(3).[3]

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

---

[3] Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).  *See Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999).  The dismissal is no bar to re-filing the suit in state court.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CAROLYN BYRD,  Case No. 1:13-cv-579
    Plaintiff,

                                              Beckwith, J.
vs                                              Bowman, M.J.

ARICA LYNN UNDERWOOD,
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc